MAUREEN PEYTON KING (*Pro Hac Vice* application pending)
Email: kingmp@sec.gov
Attorney for Plaintiff
Senior Trial Counsel
Division of Enforcement
Securities and Exchange Commission
100 Pearl Street, Room 20-100
New York, New York 10004
Telephone: (212) 336-0111

LOCAL COUNSEL:
LYNN M. DEAN (Cal. Bar. No. 206562)
Email: deanl@sec.gov
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3245
Facsimile: (213) 443-1904

Attorneys for Petitioner
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Petitioner,<br><br>    v.<br><br>KIARASH (KIA) JAM,<br><br>        Respondent. | Case No.<br><br>**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT AND SECTION 21(e) OF THE EXCHANGE ACT ENFORCING COMPLIANCE WITH COMMISSION ORDER** |

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c) and Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance by Defendant/Respondent Kiarash (Kia) Jam ("Jam"), with a final Commission order entered against him on March 12, 2019 (the "Commission Order"). The Commission Order required Jam to disgorge $205,443.00, plus prejudgment interest of $86,278.75, with additional interest pursuant to SEC Rule of Practice 600, if timely payment is not made, and to pay civil penalties of $185,000.00, with interest accruing pursuant to 31 U.S.C. § 3717. Jam has failed to pay the full amounts he owes.

In support of its Application, the Commission states the following:

## **INTRODUCTION**

1.  The Commission seeks by this Application to enforce the Commission Order entered with Jam's consent, which found that Jam willfully violated Section 5(a) of the Securities Act, which prohibits the sale of securities in interstate commerce unless a registration statement is in effect or an exemption from the registration requirements applies, and Section 5(c) of the Securities Act, which makes it unlawful to offer to sell securities, through the use or medium of a prospectus or otherwise, unless a registration statement is on file or an exemption applies. The Commission Order also finds that Jam willfully violated Sections 17(a)(1), (2), and (3) of the Securities Act, which prohibit fraudulent conduct in the offer or sale of securities, and that Jam willfully violated Section 10(b) of the Exchange Act and Rule 10b-5(a), (b), and (c) thereunder, which prohibits fraudulent conduct in connection with the purchase or sale of securities. Finally, the Commission Order found that Jam willfully violated Section 15(a) of the Exchange Act, which prohibits, absent an exception or exemption, any broker or dealer that uses the mails or any means of interstate commerce to effect transactions in, or to induce or attempt to induce purchases or sales of securities without registering with the Commission.

///

2. Jam has failed to comply fully with the Commission Order as he has not paid a portion of the amounts ordered to be paid to the Commission.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Jam resides in Los Angeles, California and works as a motion picture producer.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Section 20(c) of the Securities Act and Section 21(e)(1) of the Exchange Act.

6. Venue lies in the Central District of California under Section 22(a) of the Securities Act and Section 27(a) of the Exchange Act. Respondent is "found" in or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

1. On March 12, 2019, the Commission issued the Commission Order making findings, ordering Jam to cease-and-desist from committing or causing any violations or future violations of certain provisions of the federal securities laws, and requiring Jam to pay disgorgement of $205,443.00, prejudgment interest of $86,278.75 and civil penalties of $185,000.00 to the Securities and Exchange Commission pursuant to an installment payment plan, which has expired. A true and correct copy of the Commission Order is annexed to the Declaration of Maureen Peyton King ("King Decl.") at Exhibit 1.

2. The Commission Order found that the proceedings arose out of two unregistered securities offering frauds committed by Jam from approximately September 2012 through approximately March 2014. During the first offering fraud, Jam and an associate, neither of whom was registered with the Commission in any capacity, raised approximately $5.6 million from eleven investors from approximately September 2012 through approximately March 2013 by selling on behalf of Glendon Group, Inc. ("Glendon"), a shell company with no operations, unregistered shares of common stock and

notes (the "Glendon Units"). The stated purpose of this offering was to take Bidz.com Inc. ("Bidz"), a public issuer specializing in the sale of online jewelry, private by buying out the interests of all non-majority shareholders. In connection with this offering, Jam made misrepresentations about the amount of funds that Glendon had raised to date, the number of securities of Glendon currently had available for purchase, and the timing of the take-private transaction. Jam also misappropriated $205,443 of the offering proceeds through nominee entities he controlled and used the majority of these misappropriated funds to pay his personal expenses.

3.  The Commission Order further found that from approximately December 2012 through approximately March 2014, Jam and the same associate undertook a second offering fraud where Jam solicited approximately $580,000 in investments on behalf of Glendon by selling Glendon Units owned by the associate for the stated purpose of spinning off Modnique.com ("Modnique"), a separate business unit of Bidz, to take it public through an initial public offering ("IPO"). In connection with this offering, Jam lied to investors about the monetary amounts raised, the number of Glendon Units available for purchase, and the fact that a large, well-established broker-dealer, would be underwriting the IPO. Jam misappropriated, through his nominee entities, $154,400 in investor funds raised from this offering and used the money to pay his office rent, insurance, and personal expenses.

4.  Jam consented to entry of the Commission Order, did not seek review of the Commission Order, and the time to do so has expired.

5.  Jam has not made full payment towards the disgorgement or prejudgment interest, which remains due and owing with additional interest accruing pursuant to SEC Rule of Practice 600, or the civil penalty, which remains due and owning with additional interest continuing to accrue pursuant to 31 U.S.C. § 3717. As of March 7, 2024, Jam owes the Commission $71,706.18 in disgorgement (including accrued interest) and $186,256.06 in penalty (including accrued interest). Interest continues to accrue daily. King Decl. Para. 5.

///

# ARGUMENT

6. The Commission brings this proceeding under Section 20(c) of the Securities Act and Section 21(e) of the Exchange Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

7. Section 20(c) of the Securities Act states that:

> Upon application of the Commission, the district courts of the United States and the United States courts of any Territory shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this subchapter or any order of the Commission made in pursuance thereof.

8. Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

> Upon application of the Commission the district courts of the United States … shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder.

9. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

10. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013).

11. In such proceedings the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* 322 F.3d at 658.

12. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

### I.

That the Court enter an Order to Show Cause, directing Defendant/ Respondent to show cause why this Court should not enter an Order enforcing compliance with the Commission Order.

### II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring Jam to pay the Commission $71,706.18 in disgorgement (including accrued interest) and $186,256.06 in penalty (including accrued interest) and applicable accruing interest

### III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

### IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

### V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

///
///
///
///
///

**VI.**

That the Court order such other and further relief as may be just and proper.

Dated:  March 8, 2024

/s/ Lynn M. Dean
Lynn M. Dean
Maureen Peyton King
Counsel for Petitioner
Securities and Exchange Commission